UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:03-CV-181-R

HAROLD BROOKS LEASURE,                                                                 PLAINTIFF

v.

AA ADVANTAGE FORWARDERS, et. al.,                                               DEFENDANTS

## OPINION & ORDER

This matter comes before the Court on the Plaintiff Harold Brooks Leasure's ("Leasure") Motion to Alter or Amend (Docket #187) the Court's Memorandum Opinion and Order (Dockets #185 & #186) regarding the Defendants' Motion for Summary Judgment (Docket #127). This matter is now ripe for adjudication. For the following reasons, the Plaintiff's Motion to Alter or Amend Judgment is **DENIED**.

## STANDARD

The court may grant a motion to alter or amend, pursuant to Federal Rule of Civil Procedure 59(e), "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *GenCorp v. American International*, 178 F.3d 804, 834 (6th Cir.1999) (internal citations omitted). "[C]ourts typically will consider additional evidence accompanying a Rule 59(e) motion only when it has been newly discovered, and that to [c]onstitute 'newly discovered evidence,' the evidence must have been previously unavailable." *GenCorp*, 178 F.3d at 834. A FRCP 59(e) motion to alter does not provide the Plaintiff another opportunity to argue the merits of their case. *GenCorp* at 834.

## DISCUSSION

The Plaintiff has requested that the Court re-examine three (3) issues pertaining to the

Memorandum Opinion and Order issued by the Court on March 23, 2007. First, the Plaintiff contends that the Court erred when it determined that statements made by Leasure's attorney, Mr. Gregory Goonan ("Mr. Goonan"), concerning accounts receivable at the state court proceeding constituted judicial admissions. Second, the Plaintiff requests that the Court strike its conclusions of law on the issue of collateral estoppel, and that the Court recognize that its conclusions are *dicta* for purposes of the opinion. And, lastly, the Plaintiff asks that the Court clarify what statements by the Plaintiff's expert, Mr. Norman Transeth ("Mr. Transeth"), are inadmissible, and explain how it found the Defendant's Motion *in Limine* concerning Mr. Transeth's testimony as moot, yet held that his statements were inadmissible. The Court shall address each of the Plaintiff's arguments separately.

**1. Judicial Admission of Accounts Receivable Statements Made by Mr. Goonan**

Leasure argues that any statements made by Mr. Goonan in his closing argument of the state court proceeding regarding accounts receivable were not judicial admissions because statements about damages during closing arguments do not rise to the level of judicial admissions and that the statements made by Mr. Goonan were not deliberate. The Court first notes that a FRCP 59(e) motion to alter does not provide the Plaintiff another opportunity to argue the merits of their case. *GenCorp* at 834. The Plaintiff did not address this issue in his response to the Defendant's motion for summary judgment. While the Plaintiff suggests that he met his burden under FRCP 56 in properly addressing this issue in his response to the Defendant's motion for summary judgment, and he asks the Court to reconsider its holding on that matter, the Court reviewed the page numbers referenced by the Plaintiff in his motion to alter and found no argument explicitly addressing the legal merits of the Defendants' judicial

admissions assertion.  As such, the Court finds that the Plaintiff did not meet his burden under FRCP 56 in addressing this issue in his response.  Nonetheless, the Court will address the arguments put forth by the Plaintiff on this matter.

In support of his contention that statements about damages during closing arguments do not rise to the level of judicial admissions, the Plaintiff cites an unpublished case from the United States District Court for the Western District of Wisconsin, which has no binding authority on this Court. *See Super Group Packaging & Distribution Corp. v. Smurfit Stone Container Corp.*, 2006 WL 274779, *6 (W.D. Wis. January 27, 2006).  Contrary to the assertion by the Plaintiff that the Court in that matter held that "statements about damages during closing arguments do not rise to [the] level of judicial admissions," the Court in that opinion stated "[h]owever, defendants provide no authority, nor has the Court discovered any, to suggest that an *attorney's damages request* in closing argument acts as a cap on recovery under a judicial admission theory." *Id.* at *6 (emphasis added).  Here, in contrast to *Super Group*, Mr. Goonan was not making a damage request, but instead he acquiesced that Leasure misstated his accounts receivable.  For that reason the Court held the statement as a judicial admission on that issue. *See id.* ([j]udicial admissions concern the admission of a specific fact").  Therefore, the Court finds that the Court's decision in *Super Group* does not support the Plaintiff's argument on this matter.

Lastly, the Plaintiff asserts that Mr. Goonan's statement is not a judicial admission because it was not deliberate.  Aside from recognizing the same cases the Court analyzed in its memorandum opinion, the Plaintiff provides no legal argument as to why the Court erred in finding that the statement was not deliberate.  In *MacDonald v. General Motors Corp.*, 110 F.3d 337, 340-341 (6th Cir.1997), the Sixth Circuit Court of Appeals provided three (3) reasons why

3

the statements of GM's counsel did not rise to the level of a judicial admission. First, the Court held that counsel used words such as "probably" and "suggesting," indicating that his comments were ambiguous. *Id.* at 340. Second, the Court found that counsel had not expressly conceded an alleged fact. *Id.* Lastly, the Court found that the statement dealt with a legal conclusion, and therefore, the Court was reluctant to recognize the statement as a judicial admission. *Id.* at 341.

In the instant matter, in contrast to *MacDonald*, the statement by Mr. Goonan contained no ambiguous words. In addition, Mr. Goonan conceded the dollar figure concerning the accounts receivable. Lastly, the statement by Mr. Goonan did not deal with legal conclusions. Accordingly, the Court finds that the statement by Mr. Goonan qualifies as a judicial admission.

### 2. Dicta Concerning Collateral Estoppel

The Court shall not strike from its March 23, 2007 Memorandum Opinion its discussion and findings on the matter of collateral estoppel. The analysis and conclusions by the Court on that issue were not *dicta* as argued by the Plaintiff, but instead constituted a dispositive finding of law by the Court. This argument was brought up by the Defendants in their motion for summary judgment, and both parties addressed this issue in their briefs. Accordingly, the Court denies the request by the Plaintiff to strike its discussion and findings on the issue of collateral estoppel and/or label that analysis as *dicta*.

### 3. Inadmissibility of Norman Transeth's Opinions

In his response to the Defendants' Motion for Summary Judgment, on pages 12-15, the Plaintiff refers to the expert report of Mr. Transeth. Within the context of his response to the Defendants' motion for summary judgment, the Court determined that Mr. Transeth's statements referred to by the Plaintiff and found on pages 5-6, paragraphs (a)-(e) of Mr. Transeth's report,

were inadmissible as to considering the Plaintiff's argument because they were improper legal conclusions. *See* Federal Rule of Evidence 704(a); *Stoler v. Penn Cent. Transp. Co.*, 583 F.2d 896, 899 (6th Cir.1978); *Berry v. City of Detroit*, 25 F.3d 1342, 1353-55 (6th Cir. 1994); *Harrah's Entertainment, Inc. v. Ace American Ins. Co.*, 100 Fed.Appx. 387, 393 (6th Cir. 2004); *DeMerrell v. City of Cheboygan*, 206 Fed. Appx. 418, 426-27 (6th Cir. 2006). In addition, even assuming that this matter would continue to trial, the Court would not permit the opinions of Mr. Transeth to come into evidence because they are improper legal conclusions.[1] *See id.* As such, the Court determined that it need not address the Defendants' Motion *in Limine* regarding Mr. Transeth's report because it had done so within the context of its opinion and because the Court determined that the case would not proceed to trial.

Pages 5-6, paragraphs (a)-(e) of Mr. Transeth's report are improper legal conclusions, and therefore inadmissible, because not only does the Court have discretion to exclude such testimony under FRE 704, but also because the "testimony also expresses a legal conclusion, going beyond 'stating opinions that suggest the answer to the ultimate issue.'" *DeMerrell*, 206 Fed. Appx at 426 (citing *Barry*, 25 F.3d at 1353). Mr. Transeth's report, pages 5-6, paragraphs (a)-(e), offers definitive opinions and answers on elements of a RICO claim, attempting to state as a matter of law that the Defendants' alleged activities violated RICO, which the Court believes is an expression of a legal conclusion that goes beyond suggesting an answer to the ultimate issue. Accordingly, the Court finds that Mr. Transeth's report on pages 5-6, paragraphs (a)-(e), contains inadmissible legal conclusions.

---

[1] "Improper" legal conclusions as used by the Court refers to the fact that Mr. Transeth's report attempts to answer the ultimate issue on the RICO claim, and therefore, the conclusions offered in his report are improper. At this juncture, the Court does not need address whether the specific results reached by Mr. Transeth are improper, as the Court addressed these issues in its Memorandum Opinion.

## CONCLUSION

**IT IS SO ORDERED:**

The Plaintiff's Motion to Alter or Amend (Docket #187) is **DENIED**.