UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:03-CV-181-TBR

HAROLD BROOKS LEASURE                                                                    PLAINTIFF

v.

AA ADVANTAGE FORWARDERS, et al.                                                  DEFENDANT

**OPINION AND ORDER**

This matter is before the Court upon Plaintiff's Post-Judgment Motion Re: Attorney Fees (Docket #226). Defendant has responded (Docket #228). Plaintiff has replied (Docket #229). This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's motion is DENIED.

**BACKGROUND**

This case originated as a RICO action. On March 23, 2007, the Court entered an Order granting summary judgment in favor of all Defendants, finding that Plaintiff's claims regarding the existence of a RICO enterprise among Defendants was unsubstantiated.[1] Defendant Coleman American Companies Inc. then moved to compel Plaintiff to compensate it for attorneys' fees, litigation expenses, and costs incurred in defending the case. On November 2, 2007, the Court entered an Order finding that Defendant was entitled to an award of attorneys' fees, not as a prevailing party in a RICO action, but under the terms of the Stock Purchase and Sale Agreement executed between the parties. However, the Court failed to grant Defendant's initial request for attorneys' fees due to the insufficiency of information provided. In its April 7, 2008 Order, the

---

[1] This decision was affirmed by the Sixth Circuit Court of Appeals in *Leasure v. AA Advantage Forwarders*, 276 Fed. App'x. 438 (6th Cir. 2008).

Court admonished Defendant for again providing insufficient documentation upon which the Court could properly calculate an appropriate attorneys' fee award. Defendant then filed an additional supplement to its motion for attorneys' fees. In its October 8, 2008 Order, the Court awarded Defendant attorneys' fees in the amount of $226,122.18.

Pursuant to Federal Rules of Civil Procedure 52(b) and 59, Plaintiff now moves the Court to amend its October 8, 2008 Order.

## STANDARD

Rule 52(b) allows a party to move the Court to amend its findings or make additional findings and amend its judgment accordingly. Fed. R. Civ. Pro. 52(b). A Rule 52(b) motion does not allow a party to "relitigate old issues, to advance new theories, or to rehear the merits of a case." *Diebitz v. Arreola*, 834 F.Supp. 298, 303 (E.D. Wis. 1993) (quoting *Renfro v. City of Emporia, Kansas*, 732 F.Supp. 1116, 1117 (D. Kan. 1990)). A Rule 52(b) motion may be accompanied by a motion for a new trial under Rule 59. Fed. R. Civ. Pro. 52(b).

Rule 59(a)-(d) allows a party to move for a new trial. Fed. R. Civ. P. 59(a)-(d). A motion for a new trial should be granted when a jury reaches a "'seriously erroneous result' as evidenced by (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias." *Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398, 405 (6th Cir. 2006) (quoting *Holmes v. City of Massillon*, 78 F.3d 1041, 1045-46 (6th Cir. 1996)).

Rule 59(e) allows a party to file a motion to reconsider a final order or judgment. Fed. R. Civ. P. 59(e); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002). A court may grant a

motion to alter or amend, pursuant to Federal Rule of Civil Procedure 59(e), "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *GenCorp v. Am. Int'l*, 178 F.3d 804, 834 (6th Cir.1999) (internal citations omitted). "[C]ourts typically will consider additional evidence accompanying a Rule 59(e) motion only when it has been newly discovered, and that to [c]onstitute 'newly discovered evidence,' the evidence must have been previously unavailable." *Id.* A Rule 59(e) motion to alter does not provide a plaintiff with another opportunity to argue the merits of his case. *Id.*

## ANALYSIS

Plaintiff moves the Court to issue an amended or supplemental opinion clarifying and explaining in greater detail its analysis in its October 8, 2008 Order. Plaintiff does not substantively challenge the October 8, 2008 Order. Rather, Plaintiff requests that certain objections and arguments previously asserted by Plaintiff now be addressed by the Court. As there was no trial in this case and Plaintiff makes no arguments on the basis of clear error of law, newly discovered evidence, or an intervening change in the law, the Court finds that Rule 59 does not provide the proper basis for Plaintiff's motion. Nonetheless, the Court will address Plaintiff's request under Rule 52(b) in an effort to provide a "concise but clear explanation of its reasons for the fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

First, Plaintiff reads the Court's October 8, 2008 Order to suggest that Plaintiff did not respond to Defendant's motion for attorneys' fees. To make abundantly clear, Defendant Coleman American Companies, Inc.'s Supplement to its Motion for Attorneys' Fees (Docket #223) was not itself a separate and new motion. Rather, it was a supplement to Defendant's original motion for attorneys' fees (Docket #194). In awarding Defendant attorneys' fees, the

Court took into consideration all of the arguments presented in Plaintiff's responses (Docket #197, 215).

Second, Plaintiff requests that the Court address its argument that Defendant "was not entitled to any fee award at all because of [Defendant's] ever-shifting and changing positions on the amount of fees it supposedly was entitled to receive." In making this argument in its response brief, Plaintiff primarily relied on the Fourth Circuit's decision in *Fair Housing Council of Greater Wash. v. Landow*, 999 F.2d 92 (4th Cir. 1993).

*Landow* concerned a plaintiff who sought $537,113 in attorneys' fees and expenses following a five-day bench trial. 999 F.2d at 95. However, the documentation submitted by the plaintiff in support of its motion was deficient and the district court understood the plaintiff's request to be outrageously excessive. *Id.* For these reasons, the district court reduced the plaintiff's attorneys' fees award to $20,000. *Id.* On appeal, the Fourth Circuit held that "a district court may, in its discretion, deny a request for attorneys' fees in its entirety when the request, submitted pursuant to 42 U.S.C. § 1988, is so outrageously excessive it 'shock[s] the conscience of the court.'" *Id.* at 96 (quoting *Sun Pub. Co., Inc. v. Mecklenburg News, Inc.*, 823 F.2d 818 (4th Cir. 1987)). Because the plaintiff's fee petition contained several serious deficiencies, including inadequate time records and the failure to exclude fees attributable to unsuccessful claims, the Fourth Circuit remanded the case to the district court to enter judgment denying the plaintiff's fee request in its entirety. *Id.* at 98-99.

The Fourth Circuit's decision in *Landow* is distinguishable from the present case. First, the decision appears to be limited to fee awards under 42 U.S.C. § 1988 of the Civil Rights Act. Here, the basis of Defendant's fee award was not 42 U.S.C. § 1988, but the terms of the Stock

Purchase and Sale Agreement executed between the parties.  Second, it is not clear that Fourth Circuit's holding in *Landow* has been adopted by the Sixth Circuit.  *See White v. City of Ypsilanti*, 129 F.3d 1266, 1997 WL 705253, at *4 (6th Cir. Nov. 4, 2000) (discussing but not denying fee award as outrageously excessive).  Third, and most important, the Court did not find Defendant's fee petition in this case to be outrageously excessive.

Third, Plaintiff requests that the Court "explain how [it] factored the $139,957.63 billing discount into its calculation of its final fee in this case."  The $139,957.63 billing discount is in reference to a footnote made in Defendant's original motion for attorneys' fees, wherein Defendant explained that it owed the law firm of Wyrsch Hobbs & Mirakian $339,957.63 for representing Defendant in both the present case and in a separate case before the Circuit Court of Christian County, Kentucky.  At the time it filed its motion, Defendant had already paid Wyrsch Hobbs & Mirakian $200,000 for its legal services.  Thus, $139,957.63 represented the remainder of its unpaid bill for the legal services performed by Wyrsch Hobbs & Mirakian.  In its response brief, Plaintiff argued that the $139,957.63 was a discount off the fees and costs in this case. Furthermore, Plaintiff argued that because Defendant did not represent the $139,957.63 to the Kentucky court that awarded Defendant attorneys' fees in a separate action, that that fact somehow impacted the Court's fee award.

The Court does not understand Plaintiff's discount argument.  The $139,957.63 does not represent a discount, rather it represents the outstanding amount of legal fees owed by Defendant to Wyrsch Hobbs & Mirakian at the time that Defendant filed its original motion.  In any event, the Court did not factor the $139,957.63 into Defendant's award because it based the award on the time sheets and affidavits submitted to it in Defendant's supplement to its motion for

attorneys' fees. The Court did this because these time sheets and affidavits present the information necessary to calculate attorneys' fees under the lodestar method. The values presented in Defendant's original motion, including the $139,957.63, which represents Defendant's outstanding bill from the law firm of Wyrsch Hobbs & Mirakian for two legal actions, were not taken into account because they did not present the information necessary for the Court to calculate attorneys' fees under the lodestar method.

Fourth, Plaintiff requests that the Court address its argument that that the fees sought by Defendant were grossly excessive and unreasonable. As the Court explained in its October 8, 2008 Order, the hours and rates proposed by Defendant's counsel in their time sheets appear reasonable, if not low, in light of the customary standards of practice within the Court's venue.

Finally, Plaintiff requests that the Court address its analysis of the *Johnson* factors. In its October 8, 2008 Order, the Court explained that it "decline[d] to adjust th[e] award upward or downward based on the *Johnson* factors."

"The primary concern in an attorney fee case is that the fee awarded be reasonable." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). The Supreme Court has stated that a "district court also *may* consider other factors identified in *Johnson v. Georgia Highway Express*, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974), though it should note that many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley*, 461 U.S. at 434 n.9 (emphasis added). Here, the Court declined to adjust the award based on the *Johnson* factors.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion Post-

6

Judgment Motion Re: Attorney Fees is DENIED.